

**SO ORDERED.**

**SIGNED this 12 day of March, 2024.**

David M. Warren
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:                                          CASE NO.   24-00383-5-DMW

**SYLVIA N. EMIABATA**
**PHILIP O. EMIABATA**                          **CHAPTER 13**

                    **DEBTORS**

**ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Thia matter comes before the court upon the Plaintiffs Motion In Forma Pauperis ("In Forma Pauperis Motion") filed by Sylvia N. Emiabata and Philip O. Emiabata ("Debtors") on March 8, 2024, requesting leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915,[1] in their pending appeal of the court's Order Dismissing Case *Nunc Pro Tunc* With Prejudice ("Dismissal Order") entered on February 7, 2024.[2]

---

[1] In addition to 28 U.S.C. § 1915, the Debtors cite Rule 24 of the Federal Rules of Appellate Procedure as a basis for the In Forma Pauperis Motion. The Federal Rules of Appellate Procedure apply to appeals to the circuit courts of appeals and not appeals from bankruptcy courts to district courts, which are governed by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. App. P. 1(a).

[2] The caption of the In Forma Pauperis Motion names The Bank of New York Mellon Trust Co., N.A. et al as "Creditors/Defendants" and David M. Warren, U.S. Bankruptcy Judge as "Defendant-Respondent;" however, neither The Bank of New York Mellon Trust Co., N.A. nor Chief Judge Warren is a party to the Debtors' appeal of the Dismissal Order.

28 U.S.C. § 1915 provides that—

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a). In addition, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(c).

A petition to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted or denied at the discretion of the court, but the court's discretion is limited to determinations of poverty and objective good faith. *Heghmann v. Indorf (In re Heghmann)*, 324 B.R. 415, 420 (B.A.P. 1st Cir. 2005) (citing *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915)). "Thus, a determination as to whether [a debtor's] application to proceed in forma pauperis on appeal should be granted turns on two factors: (1) a showing by affidavit that he is unable to pay the filing fees, and (2) a showing that the proposed proceedings are not frivolous or malicious. *Id.* (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); 28 U.S.C. § 1915(e)).

The In Forma Pauperis Motion includes for each of the Debtors a form Application to Proceed in District Court without Prepaying Fees or Costs which includes an executed Affidavit in Support of the Application. The court reviewed these applications and notes they are not wholly consistent with each other. Reading them together, the Debtors report that they had average monthly income during the past 12 months totaling $7,890.00 but expect to have income next month of only $1,890.00. This reduced monthly income is more than reported monthly expenses totaling $1,212.00, and the Debtors also report assets with an aggregate value of $362,000.00. The Debtors attest that they both lost jobs, because Covid-19 and possibly an "accident" rendered them

handicapped. The male Debtor is seeking new employment and receiving Social Security Income while the female Debtor is pursuing a postgraduate degree. The Debtors' attested financial position, while perhaps unfortunate, does not reflect a level of poverty warranting in forma pauperis status.

Even if the court were to find that the Debtors met the requisite showing of poverty, the court finds easily that the Debtors' appeal of the Dismissal Order is frivolous, meritless, and initiated in bad faith.[3] The Debtors, who do not live in or near the federal district of this court, have undertaken a crusade of filing bankruptcy petitions across the United States of America, including, but not limited to, within North Carolina, the District of Columbia, Delaware, and Arizona. As stated in the Dismissal Order, the Chapter 13 petition ("EDNC Petition") filed in this district is at least the eighteenth petition filed by either one of or both the Debtors, with all prior petitions having been dismissed for cause. The Dismissal Order dismisses the EDNC Petition for being in violation of orders barring successive bankruptcy filings and thus void *ab initio*. The court determined inherently that the EDNC Petition was filed in bad faith; therefore, it is axiomatic that the Debtors' appeal of the Dismissal Order is also in bad faith. The court will not permit the Debtors to proceed in forma pauperis with this frivolous appeal; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the In Forma Pauperis Motion be, and hereby is, denied.

END OF DOCUMENT

---

[3] On March 6, 2024, the court entered and transmitted to the United States District Court for the Eastern District of North Carolina a Recommendation of Dismissal of Appeal, recommending that the District Court dismiss the Debtors' appeal of the Dismissal Order for failure to file timely a designation of items to be included in the record on appeal and a statement of issues to be presented pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and failure to pay timely the filing fee required for an appeal pursuant to 28 U.S.C. § 1930. The Debtors filed the In Forma Pauperis Motion after entry of and seemingly in response to the Recommendation of Dismissal of Appeal.